# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:24-cv-00850-SB-AJR | Date:  August 27, 2024 |
| | Page 1 of 7 |

Title:    Thomas Enrico DeFelice v. Trent Allen

---

**DOCKET ENTRY:** **ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED BECAUSE IT CONTAINS AN UNEXHAUSTED CLAIM OR TO SELECT ALTERNATIVE OPTIONS**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:       ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                                     None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On January 29, 2024, *pro se* Petitioner Thomas Enrico DeFelice ("Petitioner"), a state prisoner confined at Salinas Valley State Prison in Soledad, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").  (Dkt. 1.) On February 6, 2024, the Court ordered Respondent to respond to the Petition. Respondent filed a Motion to Dismiss the Petition on April 12, 2024.  (Dkt. 18.) Respondent also lodged documents pertaining to Petitioner's state court proceedings. (Dkt. 19.)  Petitioner did not file an opposition to the Motion to Dismiss.

The Petition raises four claims for federal habeas relief:  (1) the police tampered with evidence, (Dkt. 1 at 3, "Ground One"); (2) the trial court refused Petitioner's request to retest all of the DNA evidence, (id. at 12, "Ground Two"); (3) the trial court denied Petitioner's request for additional funds for a psychiatrist to complete her evaluation of

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.      2:24-cv-00850-SB-AJR                              Date: August 27, 2024
                                                                Page 2 of 7

Title:        Thomas Enrico DeFelice v. Trent Allen

Petitioner, (id. at 23, "Ground Three"); and (4) ineffective assistance of trial counsel, (id. at 53-56, "Ground Four").

      Respondent's April 12, 2024 Motion to Dismiss alleges that Ground Four, ineffective assistance of trial counsel, remains unexhausted. (Dkt. 18 at 6.) Respondent argues that, although Petitioner attempted to present his ineffective assistance claim in his petition for review before the California Supreme Court, he failed to fairly do so, and thus Ground Four remains unexhausted. (Id. at 6.)

      A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (*per curiam*); see also O'Sullivan, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process). The petitioner must present his claims, including their federal basis, to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

      The Supreme Court has explained that "[a] litigant wishing to raise a federal issue [in state court] can easily indicate the federal law basis for his claim . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004). However, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Id.

      The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    2:24-cv-00850-SB-AJR | Date: August 27, 2024 |
| | Page 3 of 7 |

Title:     Thomas Enrico DeFelice v. Trent Allen

the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). The Ninth Circuit has instructed that lower courts are not obligated "'to act as counsel or paralegal to pro se litigants'" by explaining "'the details of federal habeas procedure . . . .'" Ford v. Pliler, 590 F.3d 782, 787 (9th Cir. 2009) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). However, the Court may provide a *pro se* litigant with "accurate instruction" before dismissing a mixed petition. See id. at 786 ("The district court gave [petitioner] accurate instruction before dismissing his mixed petition without prejudice. Pliler does not allow us to require anything more.").

Respondent argues that the Petition is not fully exhausted because Petitioner raised Ground Four[1] in his August 7, 2023 petition filed in the California Supreme Court, (see Dkt. 19-22 at 6), and the California Supreme Court denied the Petition with citation to People v. Duvall, 9 Cal. 4th 464, 886 P.2d 1252 (1995), and In re Swain, 34 Cal. 2d 300, 209 P.2d 793 (1949):

> The petition for writ of habeas corpus is denied. Individual claims are denied, as applicable. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Dixon* (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; *In re Swain* (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].)

(Dkt. 19-23.)

---

[1] Respondent concedes that Grounds One, Two, and Three appear to have been exhausted because the state supreme court rejected them on the ground that claims which could have been brought on appeal are barred pursuant to In re Dixon, 41 Cal. 2d 756 (1953). However, Dixon does not apply to the ineffective assistance claim since ineffective assistance claims in California should be brought on habeas corpus review, not on direct appeal. See In re Robbins, 18 Cal. 4th 770, 814 n. 34 (1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.      2:24-cv-00850-SB-AJR                                   Date: August 27, 2024
                                                                     Page 4 of 7

Title:           Thomas Enrico DeFelice v. Trent Allen

Swain and Duvall are both cases that "require that one must allege with sufficient particularity the facts warranting habeas relief and allow amendment to comply." Cross v. Sisto, 676 F.3d 1172, 1177 (9th Cir. 2012) (quoting King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003). Because the California Supreme Court believed that the defects in the August 7, 2023 habeas petition were correctable, Defendant argues that Petitioner has not exhausted his state judicial remedies. (Dkt. 18 at 8.) Defendant cites to Pombrio v. Hense, 631 F. Supp. 2d 1247, 1252 (C.D. Cal. 2009), which held that the "Swain[] and Duvall denials issued in [that] case involve[d] correctable defects," and that therefore Petitioner could "file an amended or renewed petition with the California Supreme Court to rectify such defects." Id. Accordingly, Petitioner's state judicial remedies had not been exhausted. Id.

It appears that the same reasoning applies to Petitioner's fourth claim for relief here. See, e.g., Nolden v. Tampkins, No. 2017 WL 1105645, at *3 (C.D. Cal. Jan. 17, 2017), report and recommendation adopted, 2017 WL 1097170 (C.D. Cal. Mar. 22, 2017) ("[C]laims denied by the California Supreme Court by citations to Swain and Duvall are unexhausted."); White v. Pollard, 2019 WL 8065858, at *1 (C.D. Cal. Sept. 17, 2019) ("The denial of a state habeas petition with citations to Duvall and Swain is equivalent to a facial denial for lack of sufficient particularity, leaving state remedies unexhausted because the deficiency can be cured by a renewed state petition."); Udom v. Warden, San Diego Corr. Facility, 2011 WL 6426637, at *1 n.3 (C.D. Cal. Nov. 22, 2011) ("The Ninth Circuit has held that denial of a state habeas corpus petition with a citation to Swain and Duvall is deemed a denial on procedural grounds, leaving state remedies unexhausted."), report and recommendation adopted, 2011 WL 6433267 (C.D. Cal. Dec. 21, 2011).

Respondent has therefore raised a colorable question as to whether the Petition is fully exhausted. Consistent with the Ninth Circuit's instructions to give a petitioner "accurate instruction" before dismissing a mixed petition, the Court concludes that the interests of justice will be best served by requiring Petitioner to specifically inform the Court how he wishes this action to proceed in light of Respondent's arguments. Petitioner must select one of options discussed below:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.	2:24-cv-00850-SB-AJR	Date: August 27, 2024
	Page 5 of 7

Title:	Thomas Enrico DeFelice v. Trent Allen

**Option 1:** If Petitioner wishes to contend that Ground Four in the Petition is fully exhausted, he must explain in a declaration signed under penalty of perjury how he exhausted this claim. Petitioner should append to his declaration copies of any document, such as his state court briefs or petitions, establishing that Ground Four is exhausted. However, if Petitioner admits that he has not exhausted Ground Four, he must select one of the following options.

**Option 2:** Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 3:** Petitioner may request a voluntary dismissal of Ground Four and elect to proceed only on his exhausted claims. Petitioner may also use the attached Notice of Dismissal form to select this option. However, Petitioner is advised that if he elects to proceed without the unexhausted claim, any future habeas claims that could have been raised in the instant Petition may be rejected as successive.

**Option 4:** Petitioner may request a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, the Court may stay all of the claims in a "mixed" petition while the petitioner returns to the state courts to exhaust any already pled but unexhausted claim(s). See id. at 277-78. To obtain a Rhines stay, Petitioner must show good cause for having failed to exhaust any unexhausted claim(s) in state court before filing his federal Petition and establish that each unexhausted claim is not "plainly meritless." See id. at 277.

**Option 5:** Petitioner may request a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under Kelly, Petitioner would have to dismiss any unexhausted claim(s), but the Court would be empowered to stay any remaining, fully exhausted claims while he returned to the state courts to exhaust the unexhausted claim(s). See id. at 1070-71. Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-00850-SB-AJR | Date:  August 27, 2024 |
| | Page 6 of 7 |

Title:        Thomas Enrico DeFelice v. Trent Allen

be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  Additionally, Petitioner may amend a pending federal habeas petition after the expiration of the limitations period to assert a new claim only if the new claim shares a "common core of operative facts" with the claims in the pending petition.  Mayle v. Felix, 545 U.S. 644, 659 (2005).

In sum, the Court **ORDERS** as follows Petitioner shall file a response, by **September 13, 2024**, specifically stating which of the five options he wishes to pursue.  To select Option One, Petitioner must file a declaration signed under penalty of perjury and attach copies of any documents establishing exhaustion.  To select Options Two or Three, Petitioner may use **the attached Notice of Dismissal form** and fill it out according to his choice.  To select Options Four or Five, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay under either Rhines or Kelly.  If Petitioner wishes to obtain a Rhines stay, he must also set forth good cause for his failure to have exhausted Ground Four before filing the instant Petition and show why Ground Four is not plainly meritless.  If Petitioner wishes to obtain a Kelly stay, he must address why he qualifies for this option.

After the Court receives a response to this Order, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)**.

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner and upon counsel for Respondent.

IT IS SO ORDERED.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:24-cv-00850-SB-AJR                    Date: August 27, 2024
                                                    Page 7 of 7

Title:    Thomas Enrico DeFelice v. Trent Allen

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).